498 So.2d 1231 (1986)
Nettie Mae Guyton SMITH
v.
The ESTATE OF Nathan HARRISON.
No. 56142.
Supreme Court of Mississippi.
December 17, 1986.
Katherine S. Ferguson, Ralph E. Rood, Gholson, Hicks & Nichols, Columbus, for appellant.
Shields Sims, Jeffrey C. Smith, Sims & Sims, Columbus, for appellee.
Before ROY NOBLE LEE, P.J., and ANDERSON and GRIFFIN, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
This case involves a will contest in the Chancery Court of Lowndes County, Mississippi, between Wilbert Thomas and Sarah Thomas, proponents, and Nettie Mae Guyton Smith, contestant. The lower court held that the will of Nathan Harrison executed *1232 June 21, 1982, was his true last will and testament and entered judgment confirming the order which admitted the will instrument to probate. Nettie Mae Guyton Smith has appealed.
The contestant assigns six (6) errors in the trial below, but we address only two (2) of the assigned errors, i.e., (1) whether the testator, Nathan Harrison, possessed the mental capacity to execute the will instrument, and (2) whether the presumption of undue influence exercised over the testator by the proponents was overcome.
Nathan Harrison, aged 87 years, died June 23, 1982, in Lowndes County, Mississippi, where he had resided for many years. His wife, Janie Harrison, predeceased him, and his sole heir-at-law was the appellant, Nettie Mae Guyton Smith, an adopted daughter. Nathan Harrison was the uncle by affinity of appellant, whose mother died when appellant was three (3) years of age. Nathan Harrison adopted her at that time, and reared her as his own child through grammar school, high school and college. After finishing college, she moved to St. Louis, Missouri, where she married and has lived for the past approximately forty (40) years. The appellant has suffered from physical disabilities and has been unable to visit Nathan Harrison as she formerly did on account of those disabilities. Mattie Will Brown, an aunt of appellant, and sister-in-law to Nathan Harrison, was Harrison's only living relative in Lowndes County, Mississippi.
On June 21, 1982, two days before the death of Nathan Harrison, he executed by mark the last will instrument leaving all of his property, real and personal, to Wilbert Thomas and Sarah Thomas, husband and wife, except for a savings account in the First Columbus National Bank in Columbus, Mississippi, to his sister-in-law, Mattie Will Brown. The record reflects the following connection between Nathan Harrison and the Thomas couple:
Wilbert and Sarah Thomas lived near Harrison. For approximately two (2) years, they had waited upon and looked after Harrison and had attended to his physical needs. They also looked after his business, writing checks, paying bills with Harrison's funds, and doing whatever else Harrison required. They were compensated modestly for their services.
According to Thomas, several days prior to June 21, 1982, at the request of Harrison, Thomas called an attorney in Columbus, whom he did not know except by reputation, and informed him that Harrison desired to execute a will. Harrison was unable to go to the attorney's office, and an attorney in the firm came to his home and discussed the matter with Harrison. Subsequently, the attorney returned and talked about the matter again. Finally, on June 21, 1982, the attorney returned with the will instrument, which he had drawn, bringing with him three (3) individuals, two (2) of whom signed the will instrument as witnesses. Although the attorney and the witnesses had not known Harrison before going to his home, they were of the opinion that Harrison knew what he was doing and had the mental capacity to execute the will. The attorney testified that during the conversation at the time the will was executed, Harrison would nod his head in assent to the contents of the will, which the attorney read to him. The attorney and other witnesses were of the opinion that Harrison understood the contents of the will and was mentally competent to execute the same.
Dr. Charles O. Stanback, R.W. Tubb and Mattie Will Brown testified for the contestant. Dr. Stanback is a qualified medical doctor and testified as an expert witness. He treated Harrison for a period of ten (10) years prior to the date of his death, and had known him for a number of years before becoming his attending physician. He testified that Nathan Harrison, a person of advanced age, suffered the disabilities of severe emphyzema, Parkinson's disease, which was a progressive, degenerative nerve disease, and congestive heart failure; that his condition was one of severe and continuing suffering; that his maladies were progressive, uninterrupted and present during the last months and days of his life; and that his condition was *1233 of great severity, continuing nature and continuously deteriorating.
Dr. Stanback saw and treated Harrison the day before the execution of the will instrument and the day after its execution, including the day of his death. Previous to those times, he saw and treated Harrison when the occasion required. Dr. Stanback's expert medical opinion was that Nathan Harrison, at the time of the execution of the last will instrument was in extremis, in a constant physical and mental struggle from breath to breath, suffering from extreme anxiety, on continuous medication, and, as a result of his physical conditions, which placed him under the influence of great panic, his ability to think was clouded. It was his opinion that Harrison's mind was not clear to make a decision and understand the significance of the will instrument, and that he was physically and mentally incapacited during the last days of his life. The doctor was further of the opinion that for a few days prior to Harrison's death, on the date of his death and the intervening time period, he was in a general state of disability and was physically and mentally incapacitated.
Mattie Will Brown had known Harrison for approximately fifty (50) years and was his sister-in-law. She took care of Nathan Harrison for thirteen (13) years, cooking, washing his clothes, and looking after him. She saw him the week before he died and Harrison did not know who she was.
R.W. Tubb had known Nathan Harrison for thirty-nine (39) years prior to his death. Tubb worked for Life Insurance Company of Georgia and saw Harrison once every month and several times other than the first of the month. He saw Harrison on the day of his death, and Harrison did not know him. He also saw him a week prior to his death, and Harrison may have recognized him, but he was not able to carry on a conversation with Tubb.
The lower court found that appellees had proved by a preponderance of the evidence that Harrison had the mental capacity to execute the will instrument on June 21, 1982. The rule is elementary that this Court will not reverse the lower court on a finding of fact unless the court is manifestly wrong. After a careful examination of the record in this case, we are of the opinion that the testimony of Dr. Stanback and lay witnesses relating to the mental and physical incapacity of Harrison is persuasive; that the appellees did not establish by a preponderance of the evidence that Nathan Harrison had the mental capacity to execute the will instrument on June 21, 1982; and that the lower court was manifestly wrong in holding that Harrison had such mental capacity. Hendricks v. James, 421 So.2d 1031 (Miss. 1982); In Re: Est. of Briscoe, 293 So.2d 6 (Miss. 1974).
The lower court found, and correctly so, that a confidential relationship existed between appellees and Nathan Harrison; that a presumption of undue influence on their part arose; and that the burden was upon the appellees to prove by clear and convincing evidence that there was no undue influence exercised by them over Harrison. Assuming arguendo, that the proof did establish the mental capacity of Harrison, even barely so, we are of the opinion that appellants failed to show by clear and convincing evidence that Harrison was not the subject of undue influence by the appellees, in his weakened physical and mental condition. We also find that the chancellor was manifestly wrong in holding that appellees met the burden of proof and overcame the presumption established by the confidential relationship. Hendricks v. James, supra; Croft v. Alder, 237 Miss. 713, 115 So.2d 683 (1959); Ham v. Ham, 146 Miss. 161, 110 So. 583 (1926); Quinn v. Phipps, 93 Fla. 805, 113 So. 419 (1927); 36A C.J.S Fiduciary at 382-87.
The judgment of the lower court is reversed and judgment is entered here holding null and void the will instrument dated June 21, 1982.
REVERSED AND RENDERED.[1]
*1234 HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON, and GRIFFIN, JJ., concur.
WALKER, C.J., not participating.
NOTES
[1] On October 12, 1964, Nathan Harrison executed a last will and testament devising and bequeathing all his property to his wife, Janie Harrison, who predeceased him, and provided that any property not disposed of to her was devised and bequeathed to Nettie Guyton Smith, appellant herein.